UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RLC ENVIRONMENTAL CONSULTANTS, LTD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1443** |
| **JNE ENTERPRISES, INC. ET AL.** | **SECTION: "C" (5)** |

### ORDER AND REASONS

Before this Court is Plaintiff's Motion for Partial Summary Judgment, (Rec. Doc. 17), and Plaintiff's Motion to Strike, (Rec. Doc. 21). Having considered the memoranda of counsel, the record, and the applicable law, the Motion for Partial Summary Judgment is GRANTED and the Motion to Strike is DENIED for the following reasons.

### I. BACKGROUND

Plaintiff RLC Environmental Consultants, LTD ("RLC"), is a licensed asbestos removal contractor. (Rec. Doc. 17-1 at 1). Defendant JNE Enterprises, Inc. ("JNE"), is a contractor who entered into a subcontract with RLC for the provision of asbestos abatement work on properties damaged by Hurricane Katrina. (Rec. Doc. 17-3 at 2). Defendant American Contractors Indemnity Company, issued payment bonds that guaranteed payment of all amounts owed by JNE to its subcontractors. *Id.* RLC alleges that it provided all of the work it contracted to perform for JNE and submitted invoices for that work totaling $256.145.35. *Id.* RLC further submits that it has only been paid $178,486.55 despite submitting a demand letter that requested the full amount owed. *Id.*

1

RLC acknowledges that JNE is entitled to a credit of $2,450.81 for equipment rental. *Id.* As a result of JNE's failure to pay the outstanding balance of RLC's invoices, RLC has brought the present action to compel payment of the outstanding $75,207.99. *Id.* at 3. In addition, RLC seeks an award for its attorneys' fees under LSA-R.S. 9:2781.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean*

*Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### III. LAW AND ANALYSIS

#### A. *Louisiana Open Account Statute*

LSA-R.S. 9:2781(A) provides that:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.

An "open account" is defined as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. 'Open account' shall include debts incurred for professional services, including but not limited to legal and medical services." LSA-R.S. 9:2781(D).

In order to establish a *prima facie* case in a suit on an open account, the plaintiff must prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. *Deutsch, Kerrigan & Stiles v. Fagan*, 665 So.2d 1316, 1320 (La.App. 1st Cir.1995), *writ denied*, 669 So.2d 418 (1996). Once a prima facie case is established, the burden shifts to the defendant-debtor to prove that the account is either inaccurate or that the defendant-debtor is entitled to credits that reduce the amount owed on the account. *Id.*

Here RLC has established a *prima facie* "open account" case by supplying detailed invoices that were compiled in the course of business and by introducing testimony regarding the accuracy of its invoices. (Rec. Doc. 17-2 at 2). As a result, the burden shifts to Defendants to prove that RLC's invoices were inaccurate or that JNE was entitled to a credit to reduce the amount its owes

3

to RLC. Defendants have not presented sufficient evidence to create genuine issues of disputed fact regarding whether it was entitled to a credit for equipment rental or whether RLC's invoices were accurate.

First, Defendants did not file a timely opposition to RLC's Motion for Partial Summary Judgment.[1] Second, the opposition that was eventually filed was marked procedurally deficient and has not been re-filed by Defendants. (Rec. Doc. 20). Finally, even if Defendant's opposition was timely and properly filed, the only evidence Defendants submit are a series of letters and emails sent to RLC regarding RLC's invoices. (Rec. Doc. 20). These letters only contain conclusory allegations and are unsubstantiated by any other evidence and are therefore unable to defeat summary judgment. *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990).

### B. *Plaintiff's Motion to Strike*

Plaintiff urges this Court to strike Defendants' response to its Motion for Partial Summary Judgment on a variety of grounds. (Rec. Doc. 21). However, the majority of Plaintiff's arguments are moot because this Court rejected Defendants' response as procedurally deficient. (Rec. Doc. 20). To the extend that Plaintiff requests the Court to strike Defendants' response because it was untimely filed and contained inadmissable discover responses, Plaintiff has failed to inform this Court why it would suffer prejudice if the Court accepted the Defendants' response. As a result, Plaintiff's Motion to Strike is DENIED.

### IV. **CONCLUSION**

---

[1] Plaintiff's Motion for Partial Summary Judgment was set for hearing on October 13, 2010, which meant that Defendants' response was due by October 5, 2010. However, Defendants only submitted their response on October 29, 2010 and that response was not accepted by the Court because it had numerous procedural deficiencies.

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgement is GRANTED. (Rec. Doc. 17).

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike is DENIED. (Rec. Doc. 21).

New Orleans, Louisiana, this 8th day of November, 2010.

_____
HELEN G. BERRIGAN
UNITED STATED DISTRICT JUDGE